18730

The STATE, Respondent, v. Bobby CANTRELL, Appellant.
(158 S. E. (2d) 189)

*J. Wiley Brown, Esq.,* of Greenville, *for Appellant,*

*C. Victor Pyle, Esq.. County Solicitor,* of Greenville. *for Respondent,*

November 30, 1967.

Moss, Chief Justice:

Bobby Cantrell, the appellant herein, was indicted by the grand jury of Greenville County, and charged with house-breaking, Section 16-332 of the Code, and petit larceny, Section 16-353 of the Code. Upon the call of this case for trial before The Honorable James H. Price, Jr., Judge of

the Greenville County Court, the appellant entered a plea of guilty, being at the time represented by employed counsel. The appellant stated at the time of the entry of his plea that he was acting upon the advice of his counsel and was pleading guilty because he was guilty. He further stated that no promises had been made to induce him to plead guilty.

After the plea of guilty had been accepted, the trial judge afforded the appellant the opportunity to make any statement that he desired. The appellant chose to make no statement. The trial judge, in the presence of the defendant, with a view to fixing the sentence to be imposed upon him, considered a written statement given by the appellant to the investigating officer wherein the appellant admitted that over a period of three years he had broken into some ten houses and had stolen certain articles of clothing therefrom. When it appeared that the trial judge was not going to give the appellant a probationary sentence, his counsel, who had previous knowledge of and had read the statement of the appellant, moved to withdraw the plea of guilty. The motion was refused and the appellant was sentenced to serve a term of two years. It is clear from the record that the trial judge considered the statement given by appellant only on the question of whether he would accord him a probationary sentence.

The sole question raised by the single exception of the appellant is whether the trial judge's refusal to permit him to withdraw his plea of guilty was an abuse of discretion.

A motion to withdraw a plea of guilty, and to be allowed to enter a plea of not guilty, addresses itself to the discretion of the trial judge before whom the plea is entered, and, in the absence of a clear abuse of that discretion, this court will not interfere. *State v. Harvey,* 128 S. C. 447, 123 S. E. 201.

There is no contention here that the plea of guilty made by the appellant was not freely and understandingly made. It was not induced by any promises

which would deprive it of the character of being a voluntary act. We have held that a plea of guilty is a confession of guilt made in a formal manner and is equivalent to and as binding as a conviction after a trial on the merits. It has the same effect in law as a verdict of guilt and authorizes the imposition of the punishment prescribed by law. *Bailey v. MacDougall,* 247 S. C. 1, 145 S. E. (2d) 425.

The trial judge before whom a plea of guilty is entered is authorized by Section 55-591 of the Code, after conviction or plea for any offense, except a crime punishable by death or life imprisonment, to suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation upon such terms and conditions as the court deems best. However, probation is not a matter of right, but a matter of grace, and may be granted to a deserving accused by the trial judge in the exercise of his sound discretion.

We have held that with the view of fixing the sentence to be imposed upon a defendant, it is proper for the trial judge, in open court, in the presence of the defendant, to inquire into any relevant facts in aggravation or mitigation of punishment. *State v. Reeder,* 79 S. C. 139, 60 S. E. 434; *State v. Adcock,* 194 S. C. 234, 9 S. E. (2d) 730; *State v. Brandon,* 210 S. C. 495, 43 S. E. (2d) 449; *State v. Green,* 220 S. C. 315, 67 S. E. (2d) 509. Historically courts in this country have practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law. A sentencing judge is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant, if not essential, to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life

and characteristics. *Williams v. People of State of New York,* 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337.

The appellant did not make a motion to withdraw his plea of guilty until the trial judge indicated that he was not going to give him a probationary sentence. It is implicit in this record that this was the reason that the motion was made to withdraw the plea of guilty. *State v. Garcia,* 47 N. M. 319, 142 P. (2d) 552, 149 A. L. R. 1394; *State v. Dickerson,* 72 N. J. Super. 459, 179 A. (2d) 33. The accused and his counsel were presumed to know that probation was a matter wholly within the discretion of the court, and they had no right to assume the result of the exercise of that discretion. An accused is not permitted to speculate on the supposed clemency of the judge and enter a plea of guilty with the right to retract it if he finds that his expectation was not realized.

It is our conclusion that the trial judge did not abuse his discretion in refusing to allow the appellant to withdraw his plea of guilty.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.