# ROBERT W. ALSTON *v.* STATE OF MARYLAND

[App. No. 188, September Term, 1977.]

*Decided January 20, 1978.*

Before GILBERT, C. J., and MORTON and MELVIN, JJ.

*John L. Calhoun, Assistant Public Defender,* for applicant.

*Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* for respondent.

GILBERT, C. J., delivered the opinion of the Court.

Robert W. Alston seeks leave to appeal from a denial of post conviction relief by the Circuit Court for Prince George's County.

A review of the record before us discloses that Alston is literally the victim of the type of predicament one finds in the popular novel, *Catch-22*.[1] He has sought relief in the circuit court and in the courts of the District of Columbia, but both have turned a deaf ear to his supplications to assuage his distress.

The facts from which the application has grown are uncommon, if not extreme.

On December 4, 1975, Alston pled guilty, as the result of a plea bargain, to the crime of robbery with a deadly weapon. At the time, he was awaiting sentencing in the District of Columbia for another offense. The plea bargain provided that the State would *nolle pros* the remaining charges against Alston, recommend that the sentence not exceed twelve years, and that the sentence be concurrent with the sentence to be imposed in the District of Columbia. Two months later, Alston appeared for disposition. The judge pronounced the following sentence:

> "All right, Mr. Alston, it is the sentence of the Court that you be sentenced to the Department of Correction for a term of 12 years, and that such term is to commence as of February 14th, 1975. [2] The said sentence is to be *concurrent* with the sentence you have now to be imposed on you by the District of Columbia authorities." (Emphasis supplied.)

Thereafter the following sequence of events occurred:

1. On March 15, 1976, the applicant was sentenced in the District of Columbia to "3 to 9 years to run *consecutively* to time being served in the State of Maryland" for carrying a pistol without a license. This gun charge grew out of the same incident and arrest for which the applicant was sentenced in Prince George's County.

2. On May 11, 1976, petition for reconsideration of

---

1. By Joseph Heller (1923-   )
2. Sentence was meted out on February 9, 1976, with credit for time spent in jail prior to trial. Md. Ann. Code art. 27, § 638C (a).

sentence was heard in the Circuit Court of Prince George's County and was denied.

3. On June 18, 1976, application for review of sentence was confirmed without a change by a three-judge panel.

A petition under the Uniform Post Conviction Procedure Act was filed by the applicant in the Circuit Court for Prince George's County on March 11, 1977. Judge Loveless made the following findings in connection with the applicant's petition:

"On May 11th of 1976, which was just eight days after filing of the reconsideration of sentence, . . . [it was] denied. . . . We do not have before us the reasoning that was given . . . in denying this, or any alternatives that . . . [were] considered.

"It would appear that one of the alternatives that . . . could have [been] . . . considered would be to have him turned over to the District of Columbia authorities to start serving his three to nine sentence with a detainer being placed there for him on any [Maryland] sentence that was not served.

Because of the unusual situation that exists here and the problem between the two jurisdictions, and in order to make sure that . . . [the sentencing judge] did have a full picture of the plea negotiations and the dilemma that the . . . [applicant] found himself in, we are going to permit a belated filing of a motion for further reconsideration before . . . [the sentencing judge] on this matter insofar as post conviction is concerned. What he does will be in his sole discretion at that time."

While the docket entries show that a hearing was held November 1, 1977, and that an order was to be submitted, there is no such order filed in the record.

Alston is in the predicament of serving a sentence in Maryland that has been imposed as a concurrent sentence to a District of Columbia sentence which is in turn consecutive to the Maryland sentence. Hence, while the Maryland

sentencing judge, acquiescing to the State's recommendation, looked upon the Alston offense as meriting the imposition of a concurrent sentence, Alston is, nevertheless, serving that time in Maryland as a straight sentence and not a concurrent one. The net result is that instead of receiving credit on the Maryland sentence at the same time that he is serving the District of Columbia sentence, Alston has not as yet even begun to account to the District for the offense committed there despite the three years that have already been served[3] in Maryland correctional institutions.

The Maryland sentence has two obvious limitations. First, incarceration may not exceed twelve (12) years, and second, the sentence *must* be served concurrently with that imposed by the District of Columbia. The latter limitation has been patently ignored by Maryland authorities.

The circuit court may not increase or decrease the length of the sentence that it levied on Alston. Md. Rule 774 b. Yet, its refusal to exercise the powers to correct the wrong that is being done to Alston amounts, in fact, to an increase in the sentence.

We would be remiss in our duty if we did not comment upon the State's Attorney's refusal to assist the hearing judge in a pragmatic solution to the bureaucratic nightmare in which Alston has been placed. While it is true that the State's declination to "stipulate" to Alston's being turned over to the District authorities is not required by the plea bargain entered into between the State and Alston, the failure to "stipulate" amounts to a breach of the "bargain" in spirit, though not in letter. By refusing to agree, the State is in effect turning a twelve (12) year concurrent sentence into a fifteen (15) to twenty-one (21) year sentence and simultaneously disassociating itself from the responsibility for the increase. When the State's Attorney has given his word in the form of a plea bargain and that bargain is accepted by the trial court, it behooves the State's Attorney to make every reasonable effort to correct any deviation from the bargain when the deviation is called to his attention. His failure to do so, as here, renders "valueless the State's word"

---

3. *See* n. 2, *supra.*

and "effectively ... [erodes] the accused's trust in the integrity of the State." *Sturgis v. State,* 25 Md. App. 628, 637, 336 A. 2d 803, 807 (1975). Moreover, the State should not stand idly by when it knows that its word is being traumatized, and like Pilate, proclaim its hands clean because it kept its word by making the original accepted recommendation.

Fairness would seem to require that the circuit court order Alston's surrender to the District of Columbia where he may then commence the period of incarceration meted to him by that jurisdiction for his crimes committed therein. *See* ABA, *Standards Relating to the Administration of Criminal Justice* 362-63 (1974). Upon the completion or other termination of that sentence, Alston should be returned to Maryland to serve such remaining time as may be necessary to fulfill the Maryland sentence. When Alston is surrendered to the District so that he may serve both the District and Maryland sentences, justice will be done. As Mr. Justice Potter Stewart has observed, "[f]airness is what justice really is."

In any event, although not raised by the applicant, we think the sentence that was imposed to be improper. This is so because it was made to run concurrently with a sentence that had not yet been meted out to the applicant. We believe courts should eschew such sentences as they may, and often do, lead to confusion.

We shall vacate the sentence and remand the case to the Circuit Court for Prince George's County for the imposition of a proper sentence which, hopefully, will resolve the dilemma which that court inadvertently created.

> *Application for leave to appeal granted.*
>
> *Sentence vacated and case remanded to the Circuit Court for Prince George's County for the imposition of a proper sentence.*
>
> *Costs to be paid by Prince George's County.*
>
> *Mandate to issue forthwith.*