REGINALD EDWARD JOHNSON, A/K/A NATHAN C.
MONTGOMERY *v.* STATE OF MARYLAND

[No. 206, September Term, 1978.]

*Decided November 3, 1978.*

The cause was submitted on briefs to THOMPSON, MASON and LISS, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant.

Submitted by *Francis Bill Burch, Attorney General, Diane G. Goldsmith, Assistant Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Timothy Martin, Assistant State's Attorney for Baltimore County,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

On February 28, 1978, Reginald E. Johnson, the appellant, tendered pleas of guilty, to two counts of storehouse breaking, in the Circuit Court for Baltimore County. The pleas were made pursuant to a plea agreement between the appellant and the State which was accepted by the court. Appellant was sentenced to the custody of the Department of Correction for a period of eight years on one count and five years on the other. These terms were to be served consecutively to each other but concurrently with two terms appellant would be facing in Pennsylvania upon the expected revocation of his parole. Three contentions have been raised on appeal:

"1. Did the trial court illegally sentence appellant by making his sentences concurrent with his Pennsylvania sentences but then committing him to Maryland's Department of Corrections?

"2. Was appellant's guilty plea involuntary because it was induced by a promise on sentencing which was not kept?

"3. Was appellant illegally indicted because he was charged with two separate crimes in a single indictment?"

In our view only the second of these arguments merits any serious consideration and so we shall address it first. When the crimes which were the subject of this case were committed, appellant was on parole from a Pennsylvania state prison. Although the record is not entirely clear, it appears that the remaining time to be served on appellant's Pennsylvania sentences was thirteen years. As a result of his conviction of the instant charges appellant apparently expected to have his Pennsylvania parole revoked and to be reincarcerated in that state. Appellant contends here that a major inducement for his guilty pleas was the expectation that any sentence imposed by the Maryland court would be made concurrent with his Pennsylvania term and that immediately after disposition of his case in Maryland he

would be returned to Pennsylvania to serve his time there. The State argues that the promise regarding sentencing was "necessarily limited by the contingency, if Pennsylvania sought the appellant's return." The State also points out that "if and when appellant is ever sent back to Pennsylvania, he will receive proper credit for the time already served in Maryland and will not serve more than the fifteen [sic] years as originally agreed in the plea bargain and as accepted by the trial court."

The following excerpts from the transcript of the proceedings clearly establish the intended effect of the agreement:

> "The Court: Now, I understand that there's been some sort of a plea bargain or understanding between Mr. Murphy [defense counsel], on your behalf, and the State. What is the understanding, Mr. Murphy? I'd like you to say it so we'd be sure.

> Mr. Murphy: The understanding is, Your Honor, that he would plead guilty to a ten year count and to a five year count. The time would run consecutively, with a total of fifteen years, which would be concurrent with the fifteen years that he's facing in Pennsylvania. And the intent of the bargain is that he be sent to Pennsylvania immediately to begin his time.

> The Court: You already have a sentence up there?

> Mr. Johnson: Your Honor, I have — which I didn't get a chance to speak with Mr. Murphy regarding it. I do have two sentences, which I will be taken immediately to a penitentiary in Pennsylvania. And because of the difference in the time sequences between here and there, I wanted to ask Mr. Murphy if something a little more equitable might be worked out to the effect that since they were to be run concurrent with the terms there, there is no good time system there, and what I will be doing when I leave here is I'll serve an eight year sentence from back time, and then I'll serve five years, which will

be the fifteen years. And I wanted to know if I could get the two sentences that they are speaking of run concurrent with the five year sentence.

Mr. Murphy: And that's what I announced to the Court right now.

The Court: The recommendation of the State is not binding on the Court. You understand that?

Mr. Johnson: Yes, sir.

The Court: I could give you the fifteen year sentence and tack it on to the sentences that you're going to have to serve in Pennsylvania, or I could put you on probation anywhere between that span, you know. But that's my job.

Do you understand?

Mr. Johnson: Yes, sir, Your Honor.

The Court: All right.

Mr. Murphy: Well, Your Honor, one proviso under the new rules if the Court decides not to go along with the bargain, the Court has to give you the option of withdrawing your plea and going to trial.

Do you understand that?

The Court: I will go along with the bargain.

Mr. Johnson: Would that be the probation bargain—

Mr. Murphy: No, no, no.

Mr. Johnson: Or to run concurrent?

Mr. Murphy: No, concurrent.

The Court: No. Let's not talk in terms of probation.

Mr. Johnson: Yes, sir."

* * *

"Mr. Murphy: Your Honor, if it please the Court, the intent of the parties in the recommendation is that at the same time that my client is serving his

Pennsylvania sentences, he will be serving his Maryland sentences.

Mr. Martin [Assistant State's Attorney]: That is correct."

&ast; &ast; &ast;

"Mr. Martin: The position of the State is simply in response to this plea, we will recommend ten on one and five on the other, to run concurrent with the Pennsylvania time. If he had to serve five years in Pennsylvania, he'd have to serve ten remaining. But, you know, he wouldn't have to serve any more time.

The Court: All right. And that's your recommendation. I am, obviously, not bound by that.

Mr. Murphy: As long as the sentence here expires when the sentence up there expires, I think he's protected entirely."

&ast; &ast; &ast;

"Mr. Murphy: All right. Now, before the Court decides whether to accept your plea, do you have any questions about any of the questions that I have asked you so far?

Mr. Johnson: I did have one.

Mr. Murphy: The question is, Your Honor, in open Court, does this mean that he's going back to Pennsylvania.

The answer is if the Court follows the bargain, as it has indicated, it is yes, you're going back to Pennsylvania immediately."

After pronouncing the sentence the court inquired of the appellant whether it met his expectations:

"The Court: ...

In other words, if you go up there and have to serve the thirteen years that you tell me you're facing — that's what you told me, right?

Mr. Johnson: Yes, sir.

> The Court: If you serve that thirteen years, this sentence will by that time have been also served, and you will be able to come back to Maryland as a free man, as far as this case is concerned.
>
> Now, do you understand me?
>
> Mr. Johnson: Yes, sir.
>
> The Court: Is that what you wanted?
>
> Mr. Johnson: Yes, sir. Am I going back to Pennsylvania?
>
> The Court: Exactly. Right. You go back to Pennsylvania. But every day of the thirteen years that you serve in Pennsylvania, you're also serving, discharging, one day of this sentence.
>
> Mr. Johnson: Yes, sir.
>
> The Court: So that, really, what I am doing to you is not penalizing you at all.
>
> Mr. Johnson: Yes, sir."

We conclude on the basis of this record that appellant's justifiable expectations in entering his pleas of guilty were that a maximum sentence of fifteen years would be imposed by the Maryland court, that it would be made to run concurrently with the sentence appellant then expected to serve in Pennsylvania, and that the time would be served in a Pennsylvania prison.

### Whether the Agreement Was Fulfilled

Appellant has not been returned to the custody of the Pennsylvania authorities as he expected. It appears that he had come into Maryland from Pennsylvania while free on parole and, for all that this record shows, the Pennsylvania authorities are unaware of appellant's conviction and sentencing in Maryland. The circumstances now are such that appellant may serve the remainder of his Maryland sentence in this State and then be forced to serve the remainder of the Pennsylvania sentences upon the future revocation of his

parole. It is entirely conceivable that Pennsylvania could either wait until the Maryland time has been served before reimposing the balance of appellant's sentences or reimpose those sentences so as to run consecutively to those now being served in Maryland.

Neither of these results was contemplated at the time of the agreement. In addition, appellant is clearly being denied an essential element of the bargain, to wit: his immediate return to Pennsylvania. Whether or not the Maryland courts have the power to return appellant to Pennsylvania to serve his time there is beside the point. The crucial consideration here is that appellant has not been given that which he justifiably contemplated as the *quid pro quo* for his guilty pleas.

### The Remedy

Having been induced by promises that were not kept, the guilty pleas entered by appellant cannot be said to be voluntary. Further, it is impossible to say on the record before us, that the appellant would still have entered his pleas had the consequences which have occurred been known to him.

Ordinarily, where a plea agreement has been breached or the accused does not receive a benefit clearly contemplated as an inducement for his plea, he will be permitted the opportunity to withdraw his plea or, under the appropriate circumstances, to seek specific enforcement of the plea agreement. *State v. Brockman,* 277 Md. 687, 357 A. 2d 376 (1976); *Miller v. State,* 272 Md. 249, 322 A. 2d 527 (1974); *McCormick v. State,* 38 Md. App. 442, 381 A. 2d 694 (1978).

Here, the appellant does not seek to withdraw his guilty plea. Rather, he seeks a remand with an order that the promises of the agreement be fulfilled. He also requests, in effect, that the sentences be vacated and the case remanded "so that the trial court will have a chance to reduce appellant's sentence and thus give him the benefit intended."

Neither this Court nor the trial court can instruct the Pennsylvania authorities that they must immediately resolve

appellant's status as a parolee and decide whether, or how, to reimpose the balance of the sentences pending against appellant in that state. It is therefore impossible to order specific enforcement of the agreement according to its terms as understood by appellant. Nor should the case be remanded for resentencing in the absence of a withdrawal of the guilty pleas.

This case is somewhat analogous to that of *Alston v. State*, 38 Md. App. 611, 379 A. 2d 754 (1978). There, the sentence was made to run concurrently with one expected, but not then imposed, in the District of Columbia. When the District of Columbia sentence was imposed it was made consecutive to the Maryland sentence. We vacated the Maryland sentence and remanded the case for resentencing. We also made the following observation:

> "When the State's Attorney has given his word in the form of a plea bargain and that bargain is accepted by the trial court, it behooves the State's Attorney to make every reasonable effort to correct any deviation from the bargain when the deviation is called to his attention. His failure to do so, as here, renders 'valueless the State's word' and 'effectively . . . [erodes] the accused's trust in the integrity of the State.' *Sturgis v. State*, 25 Md. App. 628, 637, 336 A. 2d 803, 807 (1975). Moreover, the State should not stand idly by when it knows that its word is being traumatized, and like Pilate, proclaim its hands clean because it kept its word by making the original accepted recommendation." 38 Md. App. at 614-615.

As unusual as the *Alston* case was, it was perhaps less difficult to resolve than is the present controversy. In *Alston*, the District of Columbia court had already imposed its sentence by the time the case came to us. Therefore, we were able to vacate the sentence and remand for resentencing in light of what the District of Columbia court had done. Here, neither this Court nor the trial court has the benefit of

knowing what, if anything, the Pennsylvania authorities will do concerning appellant. Therefore, it would appear that the only practical solution is to offer the appellant a choice between two alternatives:

1. He may elect to leave his guilty plea undisturbed and accept the sentences imposed, in which case, the trial court should request the State's Attorney for Baltimore County to make all reasonable efforts to notify the proper Pennsylvania authorities of appellant's situation and to cooperate with those authorities in the return of appellant to Pennsylvania should they desire to take action.

2. He may withdraw his plea of guilty and go to trial on the original charges or enter into a workable plea agreement with the State.

Appellant's remaining contentions are without merit. He argues that his commitment to the custody of the Maryland Department of Correction was illegal because the plea agreement contemplated his return to Pennsylvania where his Maryland sentence would be served concurrently with that expected to be imposed in Pennsylvania. This argument relates not to the legality of the sentence but rather to the fulfillment of the plea bargain, which subject has been discussed above. Insofar as the strict legality of the sentence is concerned see *Md. Code,* Art. 27, § 690 (b) requiring that convicted persons in cases such as this be sentenced to the jurisdiction of the Department. Such a sentence does not preclude the possibility that the time be served in another state's penal system.

Concerning appellant's argument that he was indicted illegally because the two separate crimes of which he was convicted were charged in a single indictment, see Md. Rule 712 a. We also note that no objection was made to the form of the charges in the court below, and, therefore, the point

is not properly before us. Md. Rule 1085. No jurisdictional question is presented.

> *Case remanded, without affirmance or reversal, for further proceedings consistent with this opinion. Costs to be paid by Baltimore County.*