**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darnell Keri Slaton, Appellant.

Appellate Case No. 2015-000944

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2017-UP-203
Submitted April 1, 2017 – Filed May 17, 2017

**AFFIRMED**

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

**PER CURIAM:** Darnell Keri Slaton appeals his conviction for distribution of marijuana, arguing the circuit court erred in (1) conducting a *Neil v. Biggers*[1] hearing to determine the admissibility of a video recording that showed a confidential informant identifying him from a photo lineup and (2) denying his directed verdict motion. We affirm[2] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to Issue 1: *State v. Patterson*, 324 S.C. 5, 19, 482 S.E.2d 760, 767 (1997) (stating an appellant "is limited to the grounds raised at trial"); *State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("[A] party cannot argue one theory at trial and a different theory on appeal.").

2. As to Issue 2: *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.") (emphasis omitted); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) ("On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); *id.* ("In ruling on a directed verdict motion, the trial court is concerned with the existence of evidence, not its weight.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] 409 U.S. 188 (1972).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.