**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Willia Jean Flowers, Appellant.

Appellate Case No. 2016-002239

———————————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-407
Submitted September 1, 2018 – Filed November 7, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Matthew C. Buchanan, of the Department of Probation, Parole, and Pardon Services, of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rikard*, 371 S.C. 295, 300, 638 S.E.2d 72, 75 (Ct. App. 2006) ("[T]o knowingly and voluntarily enter a plea of guilty, all that is required is that a defendant has a full understanding of the consequences of her plea and the charges

against her."); *State v. Cantrell*, 250 S.C. 376, 378, 158 S.E.2d 189, 191 (1967) ("A motion to withdraw a plea of guilty, and to be allowed to enter a plea of not guilty, addresses itself to the discretion of the trial [court] before whom the plea is entered, and, in the absence of a clear abuse of that discretion, this court will not interfere."); *id.* at 380, 158 S.E.2d at 191-92 ("An accused is not permitted to speculate on the supposed clemency of the [trial court] and enter a plea of guilty with the right to retract it if he finds that his expectation was not realized."); S.C. Code Ann. § 24-21-430 (Supp. 2017) (listing thirteen conditions of probation, one being that a probationer shall "refrain from the violations of any state or federal penal laws"); S.C. Code Ann. § 24-21-450 (2007) ("At any time during the period of probation or suspension of sentence the court, or the court within the venue of which the violation occurs, or the probation agent may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. . . ."); *State v. Lee*, 350 S.C. 125, 132, 564 S.E.2d 372, 376 (Ct. App. 2002) ("Subject matter jurisdiction to revoke an individual's probation is conferred on the [trial court] by either the issuance of a probation violation warrant or the issuance of a probation violation citation and affidavit in lieu of a warrant."); *State v. Archie*, 322 S.C. 135, 136-37, 470 S.E.2d 380, 381 (Ct. App. 1996) ("This court will not disturb the [trial] court's decision to revoke probation unless the decision was influenced by an error of law, was without evidentiary support, or constituted an abuse of discretion."); *State v. Franks*, 276 S.C. 636, 639, 281 S.E.2d 227, 228 (1981) ("[W]hile a person convicted of a crime is still restrained within the confines of his probation, he does not enjoy the same unfettered constitutional privileges available to those not so confined."); *Lee*, 350 S.C. at 131, 564 S.E.2d at 375 ("However, the authority of the revoking court should always be predicated upon an evidentiary showing of fact tending to establish a violation of the conditions.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.