**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kayla Gayle Wright, Appellant.

Appellate Case No. 2017-000091

———————

Appeal From Horry County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-357
Submitted October 1, 2019 – Filed November 6, 2019

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor Jimmy A. Richardson, II, of
Conway, all for Respondent.

———————

**PER CURIAM:** Kayla Gayle Wright appeals her conviction of first-degree
burglary and grand larceny. Wright argues the trial court erred in denying the

jury's request to replay testimony from three of the seven witnesses.  However, Wright did not object to the denial of the jury's request.  In fact, Wright's counsel stated, "It's their duty to pay attention, and it's their case, let them deliberate with what they have." Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("[An] issue which is not properly preserved cannot be raised for the first time on appeal."); *State v. Thomason,* 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("For an appellate court to review an issue, a contemporaneous objection at the trial level is required."); *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (holding that when a party acquiesces to an issue at trial and complains of the issue on appeal, the "issue is procedurally barred"); *Bowman v. Bowman*, 357 S.C. 146, 160, 591 S.E.2d 654, 661 (Ct. App. 2004) ("[One] may not seek and receive a particular result at trial and then challenge it on appeal.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.