**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kevin L. Middleton, Appellant.

Appellate Case No. 2017-000837

Appeal From Charleston County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2020-UP-043
Submitted January 1, 2020 – Filed February 12, 2020

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Kevin L. Middleton appeals his convictions of trafficking cocaine base, possession with intent to distribute (PWID) heroin, and PWID cocaine. On appeal, Middleton argues the trial court erred in (1) denying his

motion to suppress evidence found during his arrest and (2) allowing law enforcement officers to testify about the existence of a prior arrest warrant. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("For an appellate court to review an issue, a contemporaneous objection at the trial level is required."); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.").

2. As to issue two: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Adams*, 322 S.C. 114, 121-22, 470 S.E.2d 366, 370-71 (1996) (providing evidence of other crimes that supply the context of the crime, or is intimately connected with and helps explain the crime charged, is admissible as res gestae evidence), *overruled on other grounds by State v. Giles*, 407 S.C. 14, 754 S.E.2d 261 (2014); *State v. Wiles*, 383 S.C. 151, 157-59, 679 S.E.2d 172, 175-76 (2009) (discussing the propriety of introducing evidence of the defendant's escape from prison as res gestae evidence during his trial for assault and battery of a high and aggravated nature).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] To the extent Middleton argues the trial testimony referring to him as a "fugitive" or "target" prejudiced his case, the issue is not preserved. *See Thomason*, 355 S.C. at 288, 584 S.E.2d at 148 ("For an appellate court to review an issue, a contemporaneous objection at the trial level is required.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.