**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael G. Strother, Appellant.

Appellate Case No. 2019-001328

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2022-UP-140
Submitted January 1, 2022 – Filed March 23, 2022

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Respondent.

**PER CURIAM:** Michael G. Strother appeals his conviction for first-degree sexual exploitation of a minor and sentence of fifteen years' imprisonment. On appeal, he argues the plea court abused its discretion by denying his motion to

reconsider his sentence, or in the alternative, to vacate his guilty plea, on the ground the State breached the plea agreement.

The issue of whether the State breached the plea agreement is not preserved for appellate review.[1]  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, [appellate courts] will review errors of law only . . . . [and are] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Thrift*, 312 S.C. 282, 296, 440 S.E.2d 341, 349 (1994) ("[N]either the State nor the defendant will be able to enforce plea agreement terms which do not appear on the record before the trial judge who accepts the plea."); *State v. Thomason*, 355 S.C. 278, 287, 584 S.E.2d 143, 147 (Ct. App. 2003) (declining to review an alleged plea agreement when the defendant did not assert its existence until after his guilty plea had been accepted and the plea court had moved onto the sentencing phase of the hearing).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and HEWITT, JJ., concur.**

---

[1] To the extent Strother argues the plea court did not properly consider the expert report, we note the plea court fully reviewed the report, and sentencing lies within the court's discretion.  *See State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) ("[T]his [c]ourt has no jurisdiction to review a sentence, provided it is within the limits provided by statute for the discretion of the [plea] court, and is not the result of prejudice, oppression or corrupt motive.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.