**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Donald Ray Richburg, Appellant.

Appellate Case No. 2019-001007

———

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-118
Submitted February 1, 2022 – Filed March 23, 2022

———

**AFFIRMED**

———

Appellate Defender Adam Sinclair Ruffin, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Ernest Adolphus
Finney, III, of Sumter, all for Respondent.

———

**PER CURIAM:** Donald Ray Richburg appeals his convictions for four counts of assault and battery in the first degree and one count of discharging a firearm into a dwelling. On appeal, Richburg argues the trial court erred in admitting a video

recording of his arrest and erred in prohibiting him from cross-examining the lead investigator about a statement he made to the investigator.  We affirm.

1.  We find a jury could infer from the video of Richburg's arrest that Richburg had knowledge of the warrant for his arrest and was attempting to avoid apprehension. Therefore, the trial court did not err in admitting the video of Richburg's arrest as evidence of flight.  *See State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001))); *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 528 S.E.2d 528, 539 (2000))); *State v. Pagan*, 369 S.C. 201, 209, 631 S.E.2d 262, 266 (2006) ("Flight evidence is relevant when there is a nexus between the flight and the offense charged."); *id.* ("The critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities."); *State v. Martin*, 403 S.C. 19, 28, 742 S.E.2d 42, 47 (Ct. App. 2013) ("This totality test and its components assist the trial court in determining the *relevance* of evidence of evasive conduct, as well as in weighing the *probative value* of that evidence against its prejudicial effect." (emphases added) (citing Rules 401 and Rule 403, SCRE)); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 266 ("Flight from prosecution is admissible as guilt.").

2. We find Richburg's argument on appeal concerning cross-examination differs from the argument he raised to the trial court.  Thus, Richburg's arguments on appeal concerning cross-examination are not preserved for appellate review.  *See State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (Ct. App. 2003) ("[A] party cannot argue one theory at trial and a different theory on appeal."); *State v. Sheppard*, 391 S.C. 415, 423, 706 S.E.2d 16, 20 (2011) ("Our law is clear than an issue may not be raised for the first time on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.