### 19856

James A. HERRING, Appellant, v. The STATE of South Carolina, Respondent

(206 S. E. (2d) 885)

Palmer Freeman, Jr., Esq., of Fort Mill, for Appellant. Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Robert M. Ariail and Stephen T. Savitz, Asst. Attys. Gen., of Columbia, for Respondent.

July 10, 1974.

Per Curiam:

On October 18, 1971, the appellant James A. Herring, age 21 at the time, pled guilty to two counts of transferring

the drug LSD and one count of possession of barbiturates. He was sentenced under § 55-395 (d) supplement to 1962 Code of Laws.

On February 16, 1972, he filed an application for post-conviction relief, alleging error in his initial sentences as an adult offender. It was his contention that he should have been sentenced under § 55-395 (a), (b) or (c). He argues that he (a youthful offender) could not be sentenced under subsection (d) without an explicit finding in the record by the sentencing judge that he would not derive benefit from treatment contemplated by subsections (a), (b), and (c).

The very same factual situation and the identical issue was before this Court in the case of *Powell v. State of South Carolina, County of Florence, et al.,* S. C., 206 S. E. (2d) 883. The issue was determined adverse to the position taken by the appellant. For the reasons recited in that case, filed herewith, we find the appellant's contention without merit.

The record reflects that the return to the appellant's application for post-conviction relief was filed some 11 months after the initial petition. No extension had been granted the State, either by the appellant or the court. Section 17-606 of the Cumulative Supplement of the Code requires that the State file its return within 30 days after the docketing of the application. Appellant contends that he is entitled to relief because the return was not timely filed. The lower court held that no prejudice has been shown. Having concluded that the appellant's application was without merit. We agree that the delay in filing the return was not prejudicial and constituted no basis for granting the relief sought.

Affirmed.