19855

Tommy G. POWELL, Appellant, v. STATE of South Carolina, County of Florence, et al., Respondents

(206 S. E. (2d) 883)

*Edna L. Smith, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Robert M. Ariail,* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

July 10, 1974.

LEWIS, Justice:

Appellant, twenty-one (21) years of age at the time and represented by retained counsel, was convicted of the illegal sale of LSD and sentenced on December 14, 1971 to imprisonment for twelve (12) years. He subsequently, on November 29, 1972, filed an application for post-conviction relief contending that his sentence was illegal because not imposed in accordance with the provisions of the Youthful Offender Act, Section 55-391 *et seq.*, Supplement to 1962 Code of Laws, specifically Section 55-395, and requested that he be resentenced in accordance with the terms of that statute. The lower court denied the petition and this appeal followed.

Section 55-395 deals with the sentencing of youthful offenders from seventeen to twenty-five years of age and provides that the court may (a) suspend sentence and place the youthful offender on probation; (b) release the youthful offender to the Youthful Offender Division for evaluation before sentencing; (c) sentence to the Department of Corrections indefinitely, not to exceed six years, for treatment and supervision, if the youthful offender is under twenty-one, but such procedure can be used only with the defendant's consent if he is over twenty-one; and

(d) if the court shall find that the youthful offender will not derive benefit from the treatment, then the court may sentence the youthful offender under any other applicable penalty provision.

While a defendant between the ages of seventeen and twenty-five must be sentenced in accordance with the directions of Section 55-395, the statute grants to the trial judge a broad discretion in determining under which subdivision sentence will be imposed, that is, whether one between the ages of seventeen and twenty-five will be accorded, under subdivision (a), (b), or (c), the "treatment" provided by the Act or whether he will be sentenced under other applicable penalty statutes as permitted by subdivision (d). In other words, the effect of the enactment of this statute was to provide alternative methods of sentencing youthful offenders, leaving the decision as to its application in each case to the discreation of the trial judge.

Appellant was not sentenced under the provisions of Section 55-395(a), (b), or (c); but was sentenced pursuant to subdivision (d), in accordance with the applicable penalty provisions of Section 32-1510. 49, Supplement to the 1962 Code of Laws, which is the penalty provisions for the illegal sale of LSD.

The record contains no specific finding by the trial judge that appellant "will not derive benefit from treatment" contemplated by Section 55-395, nor any reference to the Youthful Offender Act. The failure of the judge to spell out in the record his findings thereabout forms the sole basis for this appeal.

Appellant contends that a youthful offender cannot be sentenced under "any other applicable penalty provision," within the meaning of subdivision (d) of Section 55-395, without an explicit finding in the record by the trial judge, with reasons set forth to support the finding, that the youth will not benefit from the treatment the Act was designed to afford. The question then for decision is whether the sentence imposed in this case is illegal because of the failure of the trial judge to make an explicit finding of no benefit, supported by reasons.

Our decision in *Ballard v. State,* 258 S. C. 91, 187 S. E. (2d) 224, involved a similar question. We there held:

"We do not construe the act as requiring the trial judge to make up an extended record on the issue of whether or not one should be sentenced under the Youthful Offender Act. . . . There is no requirement that specific factual findings be made a part of the record. Nor is there any requirement for observation and evaluation such as is provided in subsection (b). Had the legislature intended such requirement it could have easily so provided."

See also: *Bethea v. State,* S. C., 204 S. E. (2d) 12.

The statute imposes no requirement that the trial judge state his reasons for sentencing a youthful offender as an adult under subdivision (d). Neither is there a requirement that an explicit finding be made thereabout. The decision or finding of the trial judge that the defendant will receive no benefit from youthful offender treatment is a discretionary one and may appear explicitly, or implicitly from the imposition of sentence under other penalty provisions.

In determining the sentence to be imposed, the court had before it the fact that the appellant was a twenty-one year old "youth," the nature of the offense charged, and the information disclosed at the trial, including the attorney's plea in mitigation. The statements of the trial judge, at the time of sentence and subsequently during the term, when he had before him a motion for a reduction in sentence, indicated implicitly the conclusion that appellant, who had been convicted of the serious offense of unlawfully selling LSD, would not benefit by the treatment afforded under the Youthful Offender Act.

While the better practice is to make an explicit finding for the record that the defendant will receive no benefit from youthful offender treatment, such *explicit* finding is not a legal prerequisite to the imposition of sentence pursuant to subdivision (d). The sentence imposed in this case pursuant

to that subdivision constituted an implicit finding that appellant was not suitable for sentencing under the other provisions of the Youthful Offender Act, and therefore met legal requirements.

The sentence imposed was within the discretionary limits permitted by the statutes and is affirmed.

Moss, C. J., Bussey and Littejohn, JJ., and E. Harry Agnew, A. A. J., concur.