## 20117

Ray Anthony BROWN, Appellant, v. The STATE, Respondent.

(220 S. E. (2d) 125)

*G. Dan Bowling, Esq.,* of Charleston, *for Appellant,* cites:

*Messrs. Robert B. Wallace, Sol.,* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,* cite:

November 26, 1975.

Lewis, Chief Justice:

Appellant, 17 years of age at the time and represented by retained counsel, entered a plea of guilty to armed robbery and received a sentence of twenty (20) years. He subsequently filed an application for post-conviction relief, which was denied by the lower court, and this appeal followed.

The public defender was appointed to represent appellant and in due course filed a brief in compliance with *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493, and asked the Court for leave to withdraw as counsel for appellant since he saw no merit in the appeal. Counsel, however, included in his brief the suggestion that the Court might wish, in the light of *Dorszynski v. U. S.,* 418 U. S. 424, 94 S. Ct. 3042, 41 L. Ed. (2d) 855, to reconsider its previous decisions in *Powell v. State,* 262 S. C. 592, 206 S. E. (2d) 883 and *Herring v. State,* 262 S. C. 597, 206 S. E. (2d) 885, in which the Youthful Offender Act (Section 55-395, Supplement to 1962 Code of Laws) was interpreted as imposing no requirement that the trial judge state his reasons for the exercise of his discretion in sentencing a youthful offender as an adult under subdivision (d) of the Act; nor was there a requirement that an explicit finding be made thereabout. Those decisions held that the finding of the trial judge, that the defendant would receive no benefit from youthful offender treatment, is a discretionary one and may appear implicitly from the imposition of sentence under other provisions.

In *Dorszynski,* the court interpreted the Federal Youthful Offender Act as requiring that the trial judge make an explicit finding that the defendant would derive "no benefit" from sentencing under the Act, in order to insure that the judge was aware of the Act's existence and the eligibility of defendant as a youthful offender.

We considered that it was counsel's duty to seek such reconsideration of our prior decision in due course of appeal, and accordingly declined to dismiss the appeal as wholly frivolous. Compliance by counsel with directions to prosecute the appeal presents for review our prior decisions in *Powell* and *Herring.*

While the United States Supreme Court held in *Dorszynski* that the Federal Youthful Offender Act required an explicit finding by the trial judge, we are not convinced that

such finding is required under our Youthful Offender Act, where the record shows that the defendant is a youthful offender. Knowledge by the trial judge of the existence of the Act is presumed, and the imposition of sentence upon a youthful offender as an adult constitutes an implicit finding of *no benefit* as required by the Act.

We are convinced that the decisions in *Powell* and *Herring* are sound and are reaffirmed.

In the present case, the trial judge had before him the fact that appellant was 17 years of age, the nature and seriousness of the offense, the prior record of appellant and other information disclosed at the trial, including the attorney's plea in mitigation. The sentence shows implicitly the judge's finding that appellant, who committed the crime of armed robbery while on probation for housebreaking, would not benefit by the treatment afforded under the Youthful Offender Act.

The sentence is accordingly affirmed.

While an explicit finding of *no benefit* is not a legal prerequisite to imposition of sentence pursuant to subdivision (d) of the Youthful Offender Act, we pointed out in *Powell* that "the better practice is to make an explicit finding for the record that the defendant will receive no benefit from youthful offender treatment."

Affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.