20220

James Franklin BELL, 69097, Appellant, v. William D. LEEKE,
Director, South Carolina Department of Corrections, Respondent
(225 S. E. (2d) 188)

*Messrs. Roy T. Stuckey* and *Vance L. Cowden,* of Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmett H. Clair*
and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for
Respondent.*

May 21, 1976.

*Per Curiam:*

James Bell, age nineteen, plead guilty to breaking into a motor vehicle, larceny, and an accessory after the fact to armed robbery. He was sentenced to "be confined in the State Penitentiary for a period of nine (9) years with the direction (he) be confined in the facility of the Youthful Offender until (he) reached (his) twenty-third birthday." Appellant prosecutes this action for post conviction relief contending the sentence of the trial court exceeded statutory authority.

Appellant argues the trial judge implicitly found that the appellant would benefit from Youthful Offender treatment and that, pursuant to S. C. Code § 55-395(c), he should have been sentenced for an indeterminate period not to exceed six years. The act provides that the trial judge could not sentence the appellant for a definite term under § 55-395(c). Moreover, under Subsection (c), the court could not require that the appellant be ordered transferred to the adult division after reaching a certain age. The subsection vests control over treatment and ultimate disposition of a youthful offender to the Youthful Offender Division.

The trial judges are confronted with the disposition of defendants who might possibly qualify for Youthful Offender sentencing almost every day and they are presumed to be familiar with the provisions of the act. The sentence of the judge amounted to a finding that the defendant would not benefit from Youthful Offender treatment and should be sentenced under the provisions of S. C. Code § 55-395(d). Rather than supporting an inference that the trial judge impliedly found the appellant should be sentenced under Subsection (c), clearly the sentence is a finding that the trial judge did not think the appellant would benefit from Youthful Offender treatment and that he should be sentenced as an adult. The trial judge's direction as to the

place of appellant's confinement until he reached his twenty-third birthday was merely precatory and not mandatory upon the Department of Corrections. *Ex Parte Leeke,* 257 S. C. 82, 184 S. E. (2d) 80 (1971).

At the time of sentencing, the trial judge had considerable information concerning the appellant, he had just pled guilty to breaking into a motor vehicle, grand larceny and to the unrelated charge of accessory after the fact of armed robbery in which a shooting occurred. Other facts known to the court were that the appellant was presently on probation for three years as an accessory after the fact of manslaughter, that he had been the subject of a family court adjudication concerning another housebreaking and larceny and shoplifting, and that he was a heroin addict. The suggestion by the trial judge that the first few years of appellant's confinement be at a Youthful Offender camp was a recommendation that he be segregated from the adult criminal population. In no way was it an implied finding that the appellant would benefit from Youthful Offender correctional treatment.

While an explicit finding that the offender would not benefit is not a prerequisite to imposition of sentence pursuant to Subsection (d) of Section 55-395, we have twice observed that "the better practice is to make an explicit finding for the record that the defendant will receive no benefit from youthful offender treatment." *Brown v. State,* S. C., 220 S. E. (2d) 125, 127 (1975); *Powell v. State,* 262 S. C. 592, 596, 206 S. E. (2d) 883 (1974).

Compliance with the admonition of *Brown* and *Powell* would have avoided the necessity of this post conviction action and appeal. Appeals such as this, occasioned by the failure of the trial judge to make explicit findings, are needlessly occupying an alarming amount of valuable time and energy of appointed counsel, the staff of the Attorney General's Office, and the bench.

Affirmed.