20264

The STATE, Respondent. v. Francis L. FRANKLIN, Appellant.

(226 S. E. (2d) 896)

*Messrs. Williams & Williams,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Bar-ker, Robert N. Wells, Jr., Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

July 21, 1976.

Ness, Justice:

The appellant, Francis L. Franklin, was indicted for the murder of Father Jarman Casey, a Roman Catholic priest. The jury found the appellant guilty of manslaughter. He was sentenced to serve a term of twenty-five years. The appellant made a motion for a new trial upon various grounds and this motion was denied. This appeal followed. We affirm.

Appellant first submits that the trial judge erred in considering unauthenticated and prejudicial matters at sentencing.

The record reveals that at the time of sentencing, after statements by counsel and the appellant, the trial judge examined the appellant's criminal record including his probation report, which included charges for which the appellant has not yet been tried, and charges of infractions of prison rules. Appellant asserted that the alleged prison rule violations had been dropped and also explained a prior armed robbery conviction. The trial judge stated, after objection to consideration by appellant's counsel, "I don't say that they will have any influence on the sentence, that I may give but I do have the duty and responsibility of examining the entire record when a defendant is before me."

Appellant contends that the trial judge's comments, after sentence was imposed, points inescapably to the conclusion that these matters were considered and influenced his sentence. We disagree.

If justice is to be done, a sentencing judge should know all the material facts. Fair administration of justice demands that the judge will not act on surmise or suspicion but will impose sentences with insight and understanding. Hence, the judge is required to listen and give serious consideration to any information material to punishment. If a defendant's record, as publicly disclosed,

is incorrectly reported, defendant should have an opportunity to explain any discrepancy and inform the court concerning the alleged errors.

In *Townsend v. Burke,* 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948) the Supreme Court made it clear that a sentence cannot be predicated on false information. Here appellant did not deny the information was correct but rather attempted to explain. He now claims the trial judge erred (1) in considering charges against him which had not been disposed; (2) in considering prior prison infractions; (3) other matters. The alleged considerations are asserted to be apparent from the judge's statement at sentencing. However, it must be noted that the appellant was given an opportunity to explain each of the alleged incidents, which were not denied by him, but rather explained.

Under these circumstances, we find that the facts which were divulged to the court were fully disclosed to the appellant in such a manner that he had an opportunity to explain any misapprehension the court may have had.

A trial judge generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider or the source from which it may come. *U. S. v. Magliano,* 336 F. (2d) 817 (4th Cir. 1964) ; *North Carolina v. Pearce,* 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. (2d) 656 (1969).

The State is correct in its assertion that this Court has no jurisdiction to review a sentence, provided it is within the limits provided by statute for the discretion of the trial court, and is not the result of prejudice, oppression or corrupt motive. *State v. Goodall,* 221 S. C. 175, 178, 69 S. E. (2d) 915, 916 (1952). "It does not appear here that the trial court's discretion was exercised arbitrarily, or for reasons clearly untenable or unreasonable."

The appellant next asserts, without oral argument, that the trial judge erred in admitting in evidence his alleged confession.

The trial judge held an evidentiary hearing in accordance with *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964). Thereafter, he found that the confession was voluntary and fully instructed the jury in accordance with the rule in this State. *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652 (1971); *State v. Bellue,* 259 S. C. 487, 193 S. E. (2d) 121 (1972); *State v. Saxon,* 261 S. C. 523, 201 S. E. (2d) 114 (1973). In fact, appellant does not attempt to contradict the allegation that he killed the deceased; he admits in his testimony the killing but asserts it was done in self defense. The statement was properly admitted in evidence.

Appellant next contends that he was denied a fair trial when the court refused to excuse a venireman who admitted preconceived prejudice.

Upon *voir dire,* a venireman, Harry G. Lorick, stated that he had read about the case, when it happened, and had formed an opinion which would require evidence to remove. Upon subsequent questioning by the trial judge he stated that notwithstanding this opinion, he could give both the State and the defendant a fair and impartial trial according to the law and the evidence. He also admitted he was a friend of one of the assistant solicitors, but that this factor would not affect his deliberations in this case. Finally he was asked by the court, "Do you know of any reason why you could not sit as an impartial juror?" To which he replied, "No."

Defense counsel moved that Mr. Lorick be excused "for cause," the court refused and appellant used one of his peremptory strikes to excuse Mr. Lorick from the jury.

Section 38-202 of the Code provides:

"The court shall, on motion of either party in the suit, examine on oath any person who is called as a juror therein

to know whether he is related to either party, has any interest in the cause, has expressed or formed any opinion or is sensible of any bias or prejudice therein, and the party objecting to the juror may introduce any other competent evidence in support of the objection. *If it appears to the court* that the juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause and another shall be called." (Emphasis added.)

The record reveals that this statute was complied with by the court. The words of the statute, "if it appears to the court," are evidence of the discretion vested in the trial judge. *State v. Faries,* 125 S. C. 281, 118 S. E. 620 (1923).

In *State v. Fuller,* 229 S. C. 439, 447, 93 S. E. (2d) 463, 467 (1956) this Court under a similar factual situation held: "the juror stated that he had formed the opinion as to guilt and punishment but was not conscious of any bias and would render a verdict according to the law and evidence; therefore, it cannot be said that the ruling of the trial Judge is without evidentiary support."

It is conceded by appellant's counsel that a juror's competence is within the trial judge's discretion and is not reviewable on appeal unless wholly unsupported by the evidence. *State v. Fuller, supra; State v. Watkins,* 259 S. C. 185, 192, 191 S. E. (2d) 135 (1972). We think this juror's competence was within the trial judge's discretion and we find no abuse thereof.

Additionally the fact that the juror was a friend of the assistant solicitor is not disqualifying. *State v. Nicholson,* 221 S. C. 399, 406, 70 S. E. (2d) 632 (1952). We find no merit in this exception.

Next appellant argues that the Priest-Penitent privilege was improperly invoked.

South Carolina recognizes this privilege under Section 26-409 of the Code. Appellant argues that the information he wished to obtain from the deceased's records, which were in the custody of Father Thomas R. Duffy, did not fall

within this privilege and should have been admitted as an admissible work record.

This testimony related to a collateral matter which could not have thrown any light on the killing. Moreover, the admission or exclusion of this testimony was within the sound discretion of the trial judge with which we find no abuse. 12 S. C. L. Q. 445, 453, note 67; *South Carolina State Highway Department v. Booker,* 260 S. C. 245, 195 S. E. (2d) 615 (1973).

■ The appellant next contends that he was prevented from impeaching the character and reputation of the deceased.

Upon objection the trial judge properly ruled that the witness could testify as to the reputation of the deceased for turbulence and violence but could not testify as to specific acts. This is in accord with *State v. Boyd,* 126 S. C. 300, 119 S. E. 839 (1923); 40 C. J. S. § 222, p. 1141.

■ Finally the appellant argues that it was a denial of due process to seek the death penalty.

The trial judge, in the instant case, advised the jury that the appellant could only be convicted under § 16-52(5) as to the charge of murder. The appellant has no standing to assert this position as he was convicted of the lesser degree of the crime of manslaughter. In any event this Court in *State v. Allen,* S. C. 222 S. E. (2d) 287, Opinion No. 20167, Smith's 1976, ruled § 16-52 of the South Carolina Code (1974 Cum. Supp.) constitutional, including subsection 5.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.