THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Appellant,
 
 
 

v.

 
 
 
 Jonathan
 Frazier,        Respondent.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No.
2005-UP-521
Submitted September 1, 2005  Filed September 15, 2005

REVERSED AND REMANDED

 
 
 
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General W. Rutledge Martin, Office of the Attorney General, all of
 Columbia: and Solicitor Ralph E. Hoisington, of Charleston, for
 Appellant.
 Assistant Appellate Defender
 Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jonathan
Frazier pleaded guilty to armed robbery and was sentenced to a sentence not to
exceed six years under the Youthful Offenders Act, South Carolina Code section
24-19-10 to 160 (Supp. 2004).  The State appeals, arguing that the trial
judge erred by denying its motion to reconsider the sentence because Frazier did
not qualify as a youthful offender.  We reverse.[1]   
FACTS
During the morning of November 5,
2001, Frazier and two others planned and carried out a robbery at the Fairfield
Inn in North Charleston.  While Frazier and Antonio
Staley waited in the truck, Lawanda Collins went inside the hotel and propped
the dinning room door open for Frazier.  Frazier entered the hotel through
the opened door, wearing a nylon mask and carrying an unloaded rifle.  He
then took the hotel clerk to the bathroom and secured it by tying the door shut
with an extension cord.  Frazier helped Staley carry the hotel safe out to
the truck and Collins helped them put it in the truck.  Staley went back
into the hotel to wipe off their fingerprints.  After leaving the hotel,
all three went home and unloaded the safe.  Later that day they tried to
open the safe with a sledgehammer, but it broke, so they had to buy a torch and
get three other people to help them with it.  When they almost had the safe
open, Staley wanted to take it somewhere else so the others would not have
access to it.  After driving the safe to Sheep Island,
the three opened the safe and split the cash equally.  The three then
burned all the checks and gift certificates from the safe and hid the safe in Mt. Pleasant by the water.
Frazier gave a written statement to
the police on December 7, 2001 and was willing to testify against Staley. 
On June 26, 2003, Frazier pleaded guilty to armed robbery.  The trial judge
sentenced Frazier to a sentence not to exceed six years under the Youthful
Offenders Act, South Carolina Code section 24-19-10 to 160 (Supp. 2004). 
The judge did not order credit for the 557 days Frazier had served awaiting
trial.  The State filed a motion to reconsider the sentence on June 27,
2003.  The judge heard and denied the motion on November 20, 2003. 
The State now
appeals.                      
LAW/ANALYSIS
The State
argues that the trial judge erred by denying its motion to reconsider the
sentence because Frazier did not qualify as a youthful offender.  We agree.
South Carolina Code section
24-19-10(d)(ii) (Supp. 2004) defines a youthful offender as an offender
who is seventeen but less than twenty-five years of age at the time of
conviction for an offense that is not a violent crime . . . and that is a
misdemeanor, a Class D, Class E, or Class F felony, or a felony which provides
for a maximum term of imprisonment of fifteen years or less.  Frazier
was twenty-four years old at the time of his guilty plea and he pled guilty to
armed robbery. 
The South Carolina Code designates
armed robbery as a violent crime and establishes that it is a class A
felony.  S.C. Code Ann. §§ 16-1-60 and 90(A) (Supp. 2004).  The Code
also provides that, as a felony, armed robbery carries a mandatory minimum
term of not less than ten years or more than thirty years, no part of which may
be suspended or probation granted.  S.C. Code Ann. § 16-11-330(A)
(2003).  Therefore, the State correctly argues that Frazier does not
qualify as a youthful offender under the Act. 
A trial judge generally has wide
discretion in determining what sentence to impose.  State v. Franklin,
267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976).  [T]his court has no
jurisdiction to review a sentence, provided it is within the limits provided by
statute for the discretion of the trial court, and is not the result of
prejudice, oppression or corrupt motive.  Id.; State v. Benning, 338 S.C. 59,
64, 524 S.E.2d 852, 856 (Ct. App. 1999). 
[T]he effect of the enactment of
[the Youthful Offenders Act] statute was to provide alternative methods of
sentencing youthful offenders, leaving the decision as to its application in
each case to the discretion of the trial judge.  Powell v. State,
262 S.C. 592, 595, 206 S.E.2d 883, 884 (1974).  However, [t]he exercise
of a sound judicial discretion must and should be performed in every case with a
conscientious regard for what is just and proper under the circumstances. 
State v. Scates, 212 S.C. 150, 155-56, 46 S.E.2d 693,
695 (1948).  Here, because Frazier does not qualify as a youthful offender
under the Act, the trial judge erred by denying the States motion to
reconsider Fraziers sentence.
REVERSED AND REMANDED. 
GOOLSBY, BEATTY, and SHORT, J.J.,
concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.