THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF
 SOUTH CAROLINA
In The Court of
 Appeals

 
 
 
 The
 State, Respondent,
 v.
 Glenn
 Q. Pernell, Appellant.
 
 
 

Appeal From
 Marion County
Edward B.
 Cottingham, Circuit Court Judge
Unpublished Opinion
 No. 2009-UP-394
Heard March 18,
 2009  Filed July 20, 2009
AFFIRM

 
 
 
 J. M. Long, Jr., of Conway, for
 Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Assistant Attorney General Deborah R. J. Shupe,
 all of Columbia; and Solicitor Edgar L. Clements, III., of Florence, for
 Respondent.
 
 
 

PER CURIAM: In this criminal
 case from Marion County, Glenn Q. Pernell appeals his conviction and sentence
 for trafficking in cocaine and trafficking in crack cocaine.  We affirm.  
FACTS
 AND PROCEDURE
On
 August 2, 2006, police conducted a "controlled buy" in which
 Appellant allegedly sold crack cocaine to a female confidential informant.  
 Five hours later, after obtaining an arrest warrant, police staked out the
 Imperial Motel in Marion, S.C., knowing that the confidential informant and
 Appellant were scheduled to meet at that location.[1] 
Appellant
 arrived at the motel in a white Ford Crown Victoria with two male passengers. 
 Leaving the passengers in the vehicle, Appellant entered the motel lobby, where
 the police approached him to execute the arrest warrant.  A search of Appellant
 incident to his arrest yielded two bags of marijuana.[2]  Meanwhile,
 other officers searched the Crown Victoria, finding a black pouch containing
 cocaine, crack cocaine and scales on the driver's seat.  
While still at the scene, police read
 Appellant Miranda warnings, which he indicated he understood, and
 inquired about the black pouch.  Appellant initially confessed ownership of the
 pouch and its contents; however, moments later he recanted this statement and
 claimed the pouch and drugs were not his and that he had not arrived in the Crown
 Victoria.  He suggested the person who drove up in the vehicle must have fled
 through a nearby field. 
As
 a result of the controlled buy, Appellant was indicted for distribution of
 crack (the distribution charge).  Furthermore, based on the incidents
 surrounding his arrest, Appellant was also indicted for: (1) trafficking in
 cocaine 100-200 grams; (2) possession of cocaine with the intent to distribute
 in close proximity to a school; (3) trafficking in crack cocaine 28-100 grams;
 and (4) possession of crack cocaine with the intent to distribute in close
 proximity to a school (collectively referred to as the trafficking and
 proximity charges). [3] 
Trial
 on this matter began on February 27, 2007.  Based on discovery delays, the
 trial court granted a motion for a continuance of the distribution charge but
 denied a continuance as to the trafficking and proximity charges. 
Appellant
 made a motion in limine to suppress any testimony about the controlled buy and
 offered to stipulate to the existence of a valid arrest warrant.  The trial
 court denied the motion, finding the testimony about the controlled buy
 admissible as "an integral part of [the State's] case to show the basis
 for the arrest."  However, the trial court offered a limiting instruction
 in which the jury was informed that the evidence was being offered only
 "for the basis of showing further arrest." 
The trial court permitted testimony
 regarding Appellant's possession of marijuana as well as testimony that the
 police believed he may have been armed with a pistol when he arrived at the
 motel.[4]  
At
 the close of the trial, Appellant's motion for a mistrial was denied. 
 Appellant was found guilty of two counts of trafficking.  The trial court
 sentenced him to twenty-five years on each charge to run consecutively.  The
 Appellant's motion to reconsider the sentence was denied.  This appeal follows.
ISSUES
 ON APPEAL

 
 
 I. 
 Did
 the trial court err in admitting testimony about the controlled buy,
 Appellant's possession of marijuana, and the police's belief that Appellant may
 have been carrying a pistol?
 
 
 
 II.
 Did
 the trial court err in denying Appellant's motion for a mistrial?
 
 
 
 III. 
 Did
 the trial court err in sentencing Appellant to consecutive twenty-five year
 prison terms?
 
 

STANDARD
 OF REVIEW
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Baccus, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  Thus, an
 appellate court is bound by the trial courts factual findings unless they are
 clearly erroneous.  Id.   
LAW/ANALYSIS
I.
Appellant alleges the trial court erred
 in allowing testimony regarding the drug buy, the marijuana discovered during
 his arrest, and the police's belief that he may have been carrying a pistol
 when he arrived at the motel.  We disagree. 
The admission of evidence is in the
 sound discretion of the trial court, and its decision will not be disturbed
 absent an abuse of discretion.  State v. Pagan, 369 S.C. 201, 208, 631
 S.E.2d 262, 265 (2006); State v. Gaster, 340 S.C. 545, 557, 564 S.E.2d 87,
 93 (2002).  In order to reverse the trial court's admission of evidence we must
 find: (1) an abuse of discretion on the part of the trial court; and (2) likely
 prejudice. State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475,
 478 (2004).  A trial court abuses its discretion when its conclusions lack
 evidentiary support or are controlled by an error of law. Pagan, 369
 S.C. at 208, 631 S.E.2d at 265; State v. McDonald, 343 S.C. 319, 325,
 540 S.E.2d 464, 467 (2000). 
A.   The controlled
 drug buy
Appellant avers that the trial court
 erred in admitting testimony regarding the prior drug transaction with the
 confidential informant.[5] 
 We disagree.
Generally, "evidence of other
 distinct crimes committed by the accused may not be adduced merely to raise an
 inference or to corroborate the prosecution's theory of the defendant's guilt
 of the particular crime charged."  State v. Lyle, 125 S.C. 406,
 415, 118 S.E. 803, 807 (1923); see also Rule 404(b), SCRE (1976)
 ("Evidence of other crimes, wrongs or acts . . . may . . .  be admissible
 to show motive, identity, the existence of a common scheme or plan, the absence
 of mistake or accident, or intent.").  In addition, "evidence of
 other bad acts or other crimes may be admitted under the res gestae theory[.]" State v. Martucci, 380 S.C. 232, 257, 669 S.E.2d 598,
 611 (Ct. App. 2008); State v. Adams, 322 S.C. 114, 122, 470 S.E.2d 366,
 370-71 (1996). Res gestae allows for the admission of prior bad acts
 when the prior acts are an "integral part of the crime . . . charged or
 may be needed to aid the fact finder in understanding the context in which the
 crime occurred." Martucci, 380 S.C. at 258, 669 S.E.2d at 612; State
 v. Owens, 346 S.C. 637, 652, 552 S.E.2d 745, 753 (2001), overruled on
 other grounds by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494
 (2005); State v. Wood, 362 S.C. 520, 527-28, 608 S.E.2d 435, 439 (Ct.
 App. 2004); State v. Adams, 354 S.C. 361, 379-80, 580 S.E.2d 785, 794-95
 (Ct. App. 2003).  
Here, the trial court found that
 testimony about the controlled buy, which occurred just five hours prior, was
 an integral part of the case to show the basis for the arrest.  This evidence
 was relevant to understanding the context in which the crime occurred as it
 explained why the confidential informant was at the motel[6] and how and
 why she recognized the black bag and the Crown Victoria.   In light of
 Appellant's conflicting statements as to whether he drove the Crown Victoria and
 owned the bag containing the drugs, the evidence of the controlled buy offered
 by the confidential informant demonstrated that when purchasing crack during
 the controlled buy she saw Appellant in possession of the black bag and noticed
 the white Crown Victoria parked in front of his residence.  There was no
 attempt by the State to introduce the video or audio surveillance of the controlled
 buy.   Moreover, the trial court repeatedly instructed the jury that the only
 purpose for the evidence was to demonstrate the basis for the arrest.  
Accordingly, the trial court did not
 abuse its discretion in admitting this evidence.
B.   The marijuana and
 testimony regarding the belief Appellant was armed
Appellant alleges that it was error for
 the trial court to introduce testimony that police found marijuana on his
 person when he was searched incident to his arrest and that they believed he
 may have been armed.  We find these arguments abandoned on appeal.
Appellant makes a conclusory argument
 that the prejudice of this testimony is manifest and brings no legal authority
 to this Court's attention to support his position.  Accordingly, these
 arguments are abandoned. See Bennett v. Investors Title Ins. Co.,
 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct. App. 2006) (finding that when an
 appellant made only a conclusory argument and cited no legal authority the
 issue was abandoned); Mulherin-Howell v. Cobb, 362 S.C. 588, 600, 608
 S.E.2d 587, 593-94 (Ct. App. 2005) (noting that failure to cite legal authority
 for a position and making conclusory arguments results in an abandonment of the
 issue on appeal).[7]  
II.
Appellant
 contends it was error to deny his motion for a new trial or mistrial based on
 the errors alleged above.  We disagree.  
Initially we note that not all of
 Appellant's arguments are preserved for appeal.  At trial, Appellant moved the
 court "for a new trial or for a mistrial . . . [because] the testimony
 concerning the distribution charge was highly prejudicial."  Because
 Appellant did not move for a mistrial based on the testimony about the
 marijuana or the pistol, the only argument preserved for appeal is whether the
 admission of the testimony regarding the controlled buy should warrant the
 granting of a mistrial.  See S.C. Dep't of Transp. v. First Carolina
 Corp. of S.C., 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007)
 (demonstrating that in order for an issue to be preserved for appellate review
 it must be both raised to and ruled on by the trial court); Payne v. Payne,
 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) (stating that "issues
 not raised and ruled upon by the trial court will not be considered on
 appeal"); see also State v. Byram, 326 S.C. 107, 119, 485
 S.E.2d 360, 366 (1997) (noting a party cannot argue one ground below and then
 argue a different ground on appeal).
The
 decision to grant or deny a motion for a mistrial is in the sound discretion of
 the trial court and will not be overturned absent an abuse of discretion
 amounting to an error of law. State v. Stanley, 365 S.C. 24, 33, 615
 S.E.2d 455, 460 (Ct. App. 2005); State v. Garrett, 350 S.C. 613, 619,
 567 S.E.2d 523, 526 (Ct. App. 2002) (stating generally the grant or
 refusal of a new trial is within the trial judges discretion and will not be
 disturbed on appeal without a clear abuse of that discretion).  In light of our
 decision that it was not an abuse of discretion to admit the testimony
 regarding the controlled buy, the trial court correctly denied Appellant's
 motion for a mistrial.  
III.
Finally
 Appellant alleges that it was error to impose consecutive sentences.  We
 disagree.
A
 trial judge is granted broad discretion in determining a sentence. State v.
 Franklin, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976); State v. Barton,
 325 S.C. 522, 532, 481 S.E.2d 439, 444 (Ct. App. 1997).  The scope of the trial
 court's ability to inquire about information on sentencing is nearly
 "unlimited either as to the kind of information he may consider, or the
 source from which it may come." Franklin, 267 S.C. at 246, 226
 S.E.2d at 898.  "Likewise whether multiple sentences should run
 consecutively or concurrently is a matter left to the sound discretion of the
 trial judge." Barton, 325 S.C. at 532, 481 S.E.2d at 444. 
 Moreover, absent "partiality, prejudice, oppression or corrupt motive,
 this Court lacks jurisdiction to disturb a sentence that is within the limit
 prescribed by statute." Id.; accord Stockton v. Leeke,
 269 S.C. 459, 462, 237 S.E.2d 896, 897 (1997); Franklin, 267 S.C. at
 246, 226 S.E.2d at 898. 
The
 trial court considered the circumstances of this case and determined the
 sentences should run consecutively.  The record does not support, and Appellant
 does not allege, the sentence was the product of any partiality, prejudice,
 oppression, or corrupt motive.  Accordingly, while the sentence imposed is
 admittedly substantial, in the absence of an abuse of discretion, this Court is
 without authority to disturb it.
CONCLUSION
Because
 the testimony concerning the controlled buy was admissible, and the other
 arguments abandoned, Appellant's motion for mistrial was properly denied. 
 Moreover, we find no error in the trial court's imposition of consecutive
 sentences.  Accordingly, the ruling of the trial court is AFFIRMED.  
SHORT, THOMAS and GEATHERS, JJ., concur. 

[1]  It
 appears that in order to alleviate Appellant's suspicion the confidential
 informant agreed to meet Appellant at the motel under a promise of sexual
 intercourse.
[2]  Police
 found one bag in Appellant's pocket and Appellant discarded another bag after
 seeing police approaching in the motel lobby.    
[3]  It is
 not disputed that the Imperial Motel is within onehalf mile of Mullins Primary
 School as prescribed by Section 44-53-445(B)(1) of the Code of Laws of South
 Carolina.
[4]  No
 firearm was found on Appellant's person or in his vehicle; however, police discovered
 ammunition in the vehicle.
[5]  Appellant
 alleges that it was error to allow testimony about the controlled buy under the
 common scheme or plan exception.  However, the record indicates that the court
 did not admit the evidence to show a common scheme or plan. 
[6]  Evidence
 indicates that during the controlled buy, the informant feigned interest in
 meeting Appellant at the hotel later in the day for sexual relations in order
 to ease his suspicion.  
[7]  Moreover,
 notwithstanding the abandonment of these arguments, in light of the
 overwhelming evidence of guilt and the fact that the evidence bore out that no
 gun was found on Appellant, the admission of this testimony did not prejudice
 Appellant. See State v. Hamilton, 368 S.C. 188, 213, 628 S.E.2d
 482, 495 (Ct. App. 2006) (stating that this Court reviews errors in the context
 of the record as a whole and when there exists overwhelming evidence of guilt,
 we may affirm under the harmless error doctrine), overruled on other grounds
 by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005).