**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jonathan Christian Hughes, Appellant.

Appellate Case No. 2016-000965

_____

Appeal From Lexington County
William H. Seals, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2018-UP-382
Submitted September 1, 2018 – Filed October 17, 2018

_____

**AFFIRMED**

_____

Appellate Defender Robert M. Pachak, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Samuel R. Hubbard, III,
of Lexington, all for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976)
(stating an appellate court "has no jurisdiction to review a sentence, provided it is

within the limits provided by statute for the discretion of the trial court, and is not the result of prejudice, oppression or corrupt motive"); S.C. Code Ann. § 16-11-311(B) (2015) (stating first-degree burglary "is a felony punishable by life imprisonment"; however, "[t]he court, in its discretion may sentence the defendant to a term of not less than fifteen years"); S.C. Code Ann. § 16-11-330(A) (2015) ("A person who commits robbery while armed . . . is guilty of a felony and, upon conviction, must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years . . . ."); *State v. Charping*, 333 S.C. 124, 131, 508 S.E.2d 851, 855 (1998) (explaining sentencing judges may consider a codefendant's sentence but they are not required to do so).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.