**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Steven Pillon, Appellant.

Appellate Case No. 2017-001609

———————

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-086
Submitted January 1, 2019 – Filed February 20, 2019

———————

**AFFIRMED**

———————

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Matthew Steven Pillon appeals his convictions on charges of (1) unlawful neglect of a child, (2) assault and battery of a high and aggravated nature (ABHAN), and (3) child abuse with great bodily injury, arguing the trial court

should have directed a verdict of acquittal because the State failed to produce either direct evidence or substantial circumstantial evidence of his guilt. Pillon also requests this court to reverse the trial court's refusal to reconsider his sentences of ten years' imprisonment for unlawful neglect of a child, ten years' imprisonment for ABHAN, and fourteen years' imprisonment for child abuse with great bodily harm, arguing these sentences were unfair because a co-defendant in the case was later sentenced to only five years' imprisonment and had other charges against her dismissed when she pled guilty to the charge of unlawful neglect of a child. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Pillon's directed verdict motion: *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) (stating the appellate court, when reviewing the denial of a directed verdict in the criminal trial, views the evidence and all reasonable inferences in the light most favorable to the State); *State v. Hepburn*, 406 S.C. 416, 429, 753 S.E.2d 402, 409 (2013) (stating the appellate court must affirm the trial court's decision to submit a criminal case to the jury if the State presented any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused); *State v. Cherry*, 361 S.C. 588, 594, 606 S.E.2d 475, 478 (2004) (holding the trial court "is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis" before sending a case to the jury).

2. As to whether this court should reverse the trial court's refusal to reconsider Pillon's sentences: *Edwards v. State*, 392 S.C. 449, 453 n.1, 710 S.E.2d 60, 63 n.1 (2011) (expressing concern about "the disparate sentences" that co-defendants received in the same case, but stating "we have no power to address that disparity"); *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) (stating the appellate court "has no jurisdiction to review a sentence, provided it is within the limits provided by statute for the trial court, and is not the result of prejudice, oppression or corrupt motive").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.